[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
THE COURT: Another case that I wish to announce a decision on is entitled: Fica et al vs Palace Aids, Inc., et al. It's docketed CV 90-094625. This is a Memorandum of Decision on Defendant Palace Aids, Inc.'s Motion to Strike dated June 4, 1991. Again we are announcing this as a bench decision in view of the fact that the parties are waiting upon a decision and we are without the necessary support to get this decision out more expeditiously.
The precise issue presented by this motion seeking to strike count two is whether, as framed, that particular count is within the scope of our Product Liability Act. Sections 52-572 m et seq. The plaintiffs argue that since count two is framed in breach of express contractual duties, it is outside that Act. While we agree that a breach of contract claim may be outside the Act, we do not think count two here is such a claim. The plaintiffs in paragraph 4 of the second count complain that the defendant breached the contract by failing "to construct the pool in a workmanlike manner" and then the plaintiffs proceed to set forth four specifications of this alleged failure, which are virtually identical to their claims in count one, paragraph 4(b), a claim there set forth under the Product Liability Act. We read count two, as pled, to be a product liability CT Page 681 claim as defined in section 52-572 m (b).
In this second count, the plaintiffs are complaining that the swimming pool was constructed and installed improperly, which, to us, is a product liability claim under our statute law. Winslow versus Lewis-Shepard, Inc., 212 Connecticut 462, 469-71 (1989). Accordingly, we deem count two to be legally insufficient.
In count three, these plaintiffs allege that the contract provisions for the pool do not comply with the Home Improvement Act. (Sections 20-418
et seq., Conn. Gen. Stat.) (HIA) because first the contract does not contain a notice of the homeowner's rights to cancel as set forth in section 42-134 et seq. of our statutes (The Home Solicitation Sales Act) (HSSA) and second, because the contract does not contain a starting date and a completion date. In this third count, which is also bereft of any allegation of a proximate cause for damages, the plaintiffs essentially claim that the defendant violated the Connecticut Unfair Trade Practices Act. Sections 42-104a et seq. Conn. Gen. Stat. (CUTPA)
HIA provides that any contract regulated by it must provide a notice of cancellation as set forth in section 42-135a of HSSA. Section 20-429
(a)(6). HIA also mandates that all home improvement contracts are likewise regulated by the provisions of HSSA. Section 20-429 (e). A swimming pool contract is subject to the provisions of HIA. Section 20-419 (4). Conn. Gen. Stat.
The architecture of this third count, in our opinion, is infirm in two respects. Those provisions of HIA which incorporate the requirement of the cancellation notice from HSSA were not effective until 1988. Public Act 88-364 and Public Act 88-269. Thus, when this 1987 contact was entered by the parties section 20-429
of HIA did not require the compliance with HSSA complained of here and we decline to apply retroactively the pertinent 1988 legislative modifications affecting substantively contractual rights. Waterbury Petroleum Products, Inc. versus Canaan Oil and Fuel Company. 193 Conn. 208, 232-33
(1984). Since the plaintiffs in this third CT Page 682 count have pled a cause of action bottomed upon provisions of HIA, not applicable in 1987, we think this count is infirm. Second, this third count contains no necessary allegation that the breach of any statutory duty was the proximate cause of the plaintiffs' damages. Accordingly, for this additional reason the third count is ordered stricken.
Finally, since the plaintiffs suggest that the claims for attorney fees and punitive damages in their prayer for relief arise out of the third count, which we deem legally insufficient, we also strike these two claims for relief.
Orders may enter accordingly.
WILLIAM P. MURRAY, JUDGE